

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-76,268 & AP-76,269

**EX PARTE KENDRICK EARL EDWARDS, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 39701 & 39702 IN THE 400TH DISTRICT COURT
### FROM FORT BEND COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and kidnapping and sentenced to twenty and ten years' imprisonment, respectively. The First Court of Appeals affirmed his convictions. *Edwards v. State*, Nos. 01-05-00928-CR; 01-05-00929-CR (Tex. App.–Houston [1st Dist.] Apr. 10, 2008) (not designated for publication).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his convictions had been affirmed and failed to advise him of

his right to petition for discretionary review *pro se.*

Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law that appellate counsel failed to timely notify Applicant that his convictions had been affirmed and failed to advise him of his right to petition for discretionary review *pro se.* The trial court recommends that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that Applicant is entitled to the opportunity to file out-of-time petitions for discretionary review of the judgments of the First Court of Appeals in Cause Nos. 01-05-00928-CR and 01-05-00929-CR that affirmed his convictions in Cause Nos. 39701 and 39702 from the 400th Judicial District Court of Fort Bend County. Applicant shall file his petitions for discretionary review with the First Court of Appeals within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: December 16, 2009
Do not publish